AO 245B (Rev. 12/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Middle District of Georgia

UNITED STATES OF AMERICA
**V.**
ALTON OLIVER, a/k/a "ALO"

## JUDGMENT IN A CRIMINAL CASE

Case Number: 5:25-CR-00002-MTT-CHW(4)
USM Number: 72586-511

PAIGE MACKENZIE MILLER
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 27

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21:846 i/c/w 21:841(a)(1) and 841(b)(1)(B)(ii) and (iii) – Conspiracy to Possess with Intent to Distribute Controlled Substances | 11/20/2023 | 1 |
| 18:2 and 924(c)(1)(A)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime | 11/20/2023 | 27 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) 19-24, 28-31, and 36-39 ☐ is ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 3, 2026
Date of Imposition of Judgment

s/ Marc T. Treadwell
Signature of Judge

MARC T. TREADWELL
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

09/04/2026
Date

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: One hundred-eighty (180) months as to Count 1, and sixty (60) months as to Count 27 to be served consecutively, for a TOTAL TERM of two hundred-forty (240) months.

☒ The court makes the following recommendations to the Bureau of Prisons:

The defendant shall participate in UNICOR and the Residential Drug Abuse Program during the term of imprisonment.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: four (4) years as to Count 1, and four (4) years to Count 27 to be served concurrently, for a TOTAL TERM of four (4) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date ______________
USPO Officer's Signature ______________________________ Date ______________

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

## SPECIAL CONDITIONS OF SUPERVISION

You shall participate in a program of drug and alcohol testing and treatment. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

You shall participate in a program working toward the completion of your GED as directed by the U.S. Probation Office.

You are prohibited from possessing or using alcoholic beverages while enrolled in treatment such as mental health, sex offender or substance abuse treatment.

You shall submit your person, property, house, residence, vehicle, papers, computers (as defined by 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until ________________ An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub.L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ ________ due immediately, balance due

☐ not later than ____________ , or
☐ in accordance with ☐ C, ☐ D ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future Assets are subject to enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.

Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time. (fine/restitution) payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program. The value of any future assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the treasury offset program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

DEFENDANT: ALTON OLIVER, a/k/a "ALO"
CASE NUMBER: 5:25-CR-00002-MTT-CHW(4)

# SCHEDULE OF PAYMENTS, continued

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: United States funds in the amount of five thousand, fifty dollars ($5,050.00); one (1) Glock, Model:30, .45 caliber semi-automatic pistol, Serial Number: TSU095; one (1) Glock, Model: 19, 9mm semi-automatic pistol, Serial Number: AFMD941; one (1) Daniel Defense Inc., Model: DDM4V7, 5.56 x 45mm, semi-automatic rifle, Serial Number: DDM447356; one (1) Mossberg, Model: 500, 12 gauge shotgun, Serial Number: 944873; one (1) Smith & Wesson, Model M&P 45, .45 caliber semi-automatic pistol, Serial Number: HUK1046; one (1) Glock 19 magazine; approximately twenty-five (25) rounds of 9mm ammunition; one (1) Daniel Defense Double Stack magazine; approximately sixty (60) rounds of .556 caliber ammunition; one (1) M&P Smith & Wesson magazine; approximately ten (10) rounds of .45 caliber ammunition; one (1) Glock 30 magazine; approximately thirteen (13) rounds of .45 caliber ammunition; approximately eighty-one (81) rounds of .45 caliber ammunition; one (1) 7.62 magazine with thirty-three (33) rounds of ammunition; one (1) Radical, Model RF-15, .22 caliber rifle, Serial Number: 2-038357; one (1) Anderson, Model: AM-15, 5.56 caliber rifle, Serial Number: 21183828; one (1) Ruger, Model AR-556, 5.56 rifle, Serial Number: 856-71482, with optic; one (1) Norinco, Model: 56, 7.62x39mm rifle, Serial Number: 1810295; one (1) KBI Inc., Model: SKS45, 7.62 rifle, Serial Number: 3E4667; one (1) black VISM plate carrier vest; one (1) Condor green ballistic vest and plates; one (1) NcSTAR VISM PE ballistic plate; one (1) drum magazine; three (3) AK style magazines and four (4) rounds of ammunition; seven (7) magazines with approximately thirty-three (33) rounds of 9mm ammunition, and twelve (12) rounds of .45 caliber ammunition; one (1) leather holster, and one (1) box of ammunition containing approximately fifty (50) rounds; three (3) AR style magazines, with approximately forty (40) rounds of ammunition; one (1) AR style drum magazine; and one (1) Taurus, Model G2C, 9mm pistol, Serial Number: AEB093209, with attached magazine containing ammunition. The Preliminary Order of Forfeiture (ECF 305) is adopted as part of the sentence and judgement of this Court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.